### STANDARD TYPEWRITER CO. v. STANDARD FOLDING TYPE-WRITER SALES CO. et al.

(Circuit Court, S. D. New York. December 7, 1910.)

PATENTS (§ 326*)—VIOLATION OF INJUNCTION AGAINST INFRINGEMENT—PUNISHMENT FOR CONTEMPT—SUFFICIENCY OF EVIDENCE.

    Evidence which merely establishes a probability that defendant has violated an injunction against infringement of a patent is not sufficient to warrant his punishment for contempt.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

In Equity. Suit by the Standard Typewriter Company against the Standard Folding Typewriter Sales Company and others. On motion to punish defendants for contempt. Denied.

Wm. R. Davis, for complainant.

Edwards, Sager & Wooster, for defendants.

LACOMBE, Circuit Judge. Although there was testimony as to unfair trading on the part of defendants when application for injunction was originally made, and although it was considered by this court and subsequently by the Court of Appeals, the fact remains that the suit was one for infringement of a patent, and the injunction was granted to prevent the continuance of such infringement. The evidence showed that defendants had made and were offering for sale typewriters which infringed the patent; but the affidavits now submitted by defendants show that since injunction was served they have made no infringing machines, and have sold no machines as Standard folding typewriters except such as were made by complainant. Nothing in complainant's affidavits contradicts this statement.

It is suggested that, in view of the price at which complainant sells its machines and the price at which defendants offer to furnish, it is probable that, while selling some genuine machines, they are also disposing of infringing machines; but this court cannot punish defendants on any such mere suggestion. When an infringing machine sold by defendants subsequent to injunction is produced, an appropri-

ate penalty of violation of its terms may be inflicted; but on the present papers such relief cannot be granted.

If defendants' methods constitute unfair trading and if their representations as to the business relations of the two companies are false and misleading, relief must be sought in some other proceeding than this.

Violation of the injunction is not found, and the motion to punish for contempt is denied.